# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| LEILANI NEWMAN,<br>　　　　Plaintiff,<br>　　v.<br>STANFORD HEALTH CARE,<br>　　　　Defendant. | Case No.  16-cv-01131-BLF<br><br>**ORDER REMANDING CASE TO SANTA CLARA COUNTY SUPERIOR COURT** |

At the Case Management Conference held October 27, 2016, the Court *sua sponte* raised the question of whether it should retain supplemental jurisdiction over this case given that the claim over which it had original jurisdiction has been dismissed and the only remaining claims are asserted under state law.  For the reasons discussed below, the Court in the exercise of its discretion declines to retain supplemental jurisdiction over the state law claims and therefore REMANDS this case to the Santa Clara County Superior Court.

Plaintiff Leilani Newman filed this action in the Santa Clara County Superior Court on January 29, 2016, asserting state law claims against her former employer, Stanford Health Care, for whom she worked as a Certified Nurse's Aide from January 2001 to May 2015.  *See* Compl., Exh. B to Not. of Removal, ECF 1.  Count I for "Wrongful Termination of Employment" alleged that Newman and Stanford entered into an implied in fact contract requiring good cause to terminate, and that Stanford terminated Newman without good cause.  Compl. ¶¶ 7-15.  Stanford removed the action to federal district court on the ground that Newman had alleged claims that were preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).  *See* Not. of Removal, ECF 1.

Stanford subsequently moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), asserting among other things that Newman's claim for breach of contract was

preempted by the LMRA. Def.'s Mot. to Dismiss, ECF 14. In response, Newman conceded Stanford's preemption argument and filed a motion for leave to amend her complaint. Pursuant to Court order, Newman filed the operative first amended complaint ("FAC") on July 27, 2016. *See* FAC, ECF 28. The FAC, which omits the contract claim that constituted the basis for removal, asserts claims against Stanford and Pauline Regner, Newman's former supervisor, for: (1) tortious termination of employment, (2) violation of California Health and Safety Code § 1278.5, (3) libel, and (4) intentional interference with contract. *Id.* Newman subsequently dismissed all claims against Regner and the third and fourth claims, leaving only the first and second claims against Stanford for disposition. *See* Order on Stipulation for Dismissal of Pauline Regner, Count III, and Count IV of the First Amended Complaint, Without Prejudice, ECF 34.

At the Case Management Conference held on October 27, 2016, the Court confirmed with counsel for both parties that the two remaining claims are asserted exclusively under state law and do not implicate the LMRA or any other federal question. "A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)). "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)). Counsel did not articulate any reason why the remaining state law claims should be litigated in federal court, and the Court perceives none. The case is at an early stage in the proceedings, this Court has not devoted significant resources to it, and remand will not impair either party's rights. The Court in the exercise of its discretion therefore declines to retain supplemental jurisdiction over Newman's state law claims.

Accordingly, this case is hereby REMANDED to the Santa Clara County Superior Court.

Dated: October 28, 2016

_____
BETH LABSON FREEMAN
United States District Judge